UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JULIE BERRY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>OLSON ASSOCIATES P.C. DBA OLSON SHANER; NAR INC.; ROB KOLKMAN; CONSTABLE KOLKMAN LLC; and JOHN DOES 1-5,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE (DOC. NO. 50)**<br><br>Case No. 2:24-cv-00705<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Julie Berry moves for leave to serve a deposition subpoena on nonparty John Sindt through alternative means—specifically, certified mail and affixing the subpoena to the door of his residence.[1]  Because Ms. Berry has demonstrated alternative service is warranted, and service by these methods (in combination) is reasonably calculated to provide actual notice, the motion is granted.

LEGAL STANDARDS

Under Rule 45 of the Federal Rules of Civil Procedure, service of a subpoena within the United States requires "delivering a copy to the named person."[2]  Courts interpret this rule as allowing service by means other than personal service under Rule

---

[1] (Ex Parte Mot. for Alternative Service (Mot.), Doc. No. 50.)

[2] Fed. R. Civ. P. 45(b)(1).

4 of the Federal Rules of Civil Procedure.[3]  And even if personal service under Rule 4 were required, courts may authorize service by alternative means as permitted under applicable state law.[4]  Utah law permits service by alternative means if the "whereabouts of the person to be served [is] unknown and cannot be ascertained through reasonable diligence, . . . or if there is good cause to believe that the person to be served is avoiding service."[5]

ANALYSIS

Ms. Berry has made diligent efforts to serve the subpoena, and she has shown good cause to believe Mr. Sindt is avoiding service.  As described in the motion and attached affidavit of nonservice, a process server made four attempts to serve Mr. Sindt at his home address.[6]  During the second attempt, an occupant told the process server Mr. Sindt was "generally there after 6 pm."[7]  The process server made two more service

---

[3] *See, e.g., Ross v. Jenkins*, No. 17-2547, 2019 U.S. Dist. LEXIS 127518, at *2–3 (D. Kan. July 31, 2019) (unpublished) (noting Rule 45 service "can include methods of service other than direct, hand-over-hand personal service"); *E.A. Renfroe & Co. v. Moran*, No. 08-cv-00733, 2008 U.S. Dist. LEXIS 123018, at *19 (D. Colo. Apr. 21, 2008) (unpublished) (holding that "effective service under Rule 45 is not limited to hand-to-hand personal service in every case"); *Yost v. K. Truck Lines, Inc.*, No. 03-2086, 2006 WL 8440101, at *2 (D. Kan. Jan. 11, 2006) (unpublished) (finding Rule 45 does not mandate personal delivery or prohibit alternative service and requires only that "service be made in a manner that reasonably insures actual receipt of the subpoena").

[4] *See* Fed. R. Civ. P. 4(e)(1) (providing that service of an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").

[5] Utah R. Civ. P. 4(d)(5)(A).

[6] (Mot. 1–2, Doc. No. 50; Return of Non-service, Doc. No. 50-1.)

[7] (Return of Non-service, Doc. No. 50-1.)

attempts after 6 p.m. on different days, but there was no answer.[8]  Based on this evidence, Ms. Berry has shown reason to believe Mr. Sindt is avoiding service.

In addition, Ms. Berry's proposed methods of service are reasonably calculated to provide Mr. Sindt with actual notice of the subpoena.  She proposes serving Mr. Sindt by certified mail and by affixing the subpoena to the door of his residence (in an envelope marked "LEGAL DOCUMENTS – SUBPOENA").[9]  These methods, in combination, are reasonably likely to ensure actual receipt of the subpoena— particularly where an occupant of the residence stated Mr. Sindt was generally there after 6:00 p.m.  Accordingly, the court will allow alternative service by these methods.

CONCLUSION

Ms. Berry's motion for alternative service[10] is granted.  Ms. Berry may serve a deposition subpoena on John Sindt by completing both of the following steps:

1.  Affixing the subpoena packet and a copy of this order to the front door of Mr. Sindt's residence in a sealed envelope marked "LEGAL DOCUMENTS – SUBPOENA"; and

---

[8] (*Id.*)  Ms. Berry also represents in her motion, on information and belief, that Mr. Sindt is aware of this lawsuit and eight other related lawsuits, and he is "believed to be in contact with the other Defendants and their attorneys."  (Mot. 2, Doc. No. 50.)

[9] (Mot. 1, 3, Doc. No. 50.)

[10] (Doc. No. 50.)

2.  Sending the subpoena packet and a copy of this order to the same address

by certified mail.

DATED this 17th day of October, 2025.

BY THE COURT:

_Daphne A. Oberg_

Daphne A. Oberg
United States Magistrate Judge