UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JULIE BERRY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>OLSON ASSOCIATES P.C. dba Olson Shaner; NAR INC.; ROB KOLKMAN; CONSTABLE KOLKMAN LLC; and JOHN DOES 1-5,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S DISCOVERY MOTION REGARDING INITIAL DISCLOSURES**<br>**(DOC. NO. 44)**<br><br>Case No. 2:24-cv-00705<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

　　　　Julie Berry brought this action against Olson Associates P.C., NAR Inc., Rob Kolkman, and Constable Kolkman LLC, claiming violations of the Fair Debt Collection Practices Act.[1]  Ms. Berry now moves to compel Mr. Kolkman and Constable Kolkman LLC (the Constable Defendants) to identify certain witnesses and either (1) provide their contact information, or (2) confirm the Constable Defendants' counsel represents them, and identify when the representation began.[2]  Ms. Berry contends the Constable Defendants are required to provide this information as part of their Rule 26 initial

---

[1] (*See* Compl., Doc. No. 2); 15 U.S.C. § 1692 et seq.

[2] (Short Form Disc. Mot. (Mot.), Doc. No. 44.)

disclosures. The Constable Defendants oppose the motion, arguing their initial disclosures were adequate and they are not required to provide additional information.[3]

As explained below, Ms. Berry's motion is granted in part and denied in part. The Constable Defendants must provide the names and contact information of all current or former agents and employees with relevant knowledge and must specify which witnesses their counsel represents for purposes of discovery in this case. But they need not provide other representation-related information.

## BACKGROUND

In their Rule 26 initial disclosures, the Constable Defendants identified Ms. Berry, Mr. Kolkman, and unspecified "agents and employees of Constable Kolkman, LLC" as individuals likely to have discoverable information supporting the their claims and defenses.[4] They indicated the LLC's agents and employees were "expected to testify regarding the allegations in the Complaint, interactions and communications generally with Plaintiff as related to the subject matter in the Complaint, and specifically, as related to execution of the Writ of Execution, and Defendants' defenses to the allegations in the Complaint."[5] But they did not identify any specific agents or employees. The disclosures also indicated the LLC's agents and employees should be

---

[3] (Defs. Rob Kolkman & Constable [K]olkman LLC's Resp. to Pl.'s Mot. for Short Form Disc. Order (Opp'n), Doc. No. 48.)

[4] (Ex. 1 to Mot., Rule 26 Initial Discls. for Defs. Rob Kolkman and Constable Kolkman, LLC (Initial Discls.) 2, Doc. No. 44-1.)

[5] (*Id.*)

contacted through the Constable Defendants' counsel; no other contact information was provided.[6]

Ms. Berry asserts the Constable Defendants refused to provide the identities or contact information of witnesses during subsequent conferrals and refused to cooperate in scheduling depositions of their agents and employees.[7] According to Ms. Berry, the Constable Defendants' counsel insisted she could only contact those witnesses through counsel, but also refused to specifically identify which witnesses they represent.[8] Ms. Berry contends this refusal has prevented her from investigating the case, interviewing material witnesses, and serving subpoenas if needed.[9]

In response, the Constable Defendants assert they identified two witnesses their counsel represents, in a letter to Ms. Berry's counsel.[10] They also note their counsel asked Ms. Berry's attorney to identify other individuals Ms. Berry wanted to depose, but he failed to do so.[11] The Constable Defendants contend their initial disclosures

---

[6] (*See id.*)

[7] (Mot. 2, Doc. No. 44.)

[8] (*Id.* at 3.)

[9] (*Id.* at 2.)

[10] (*See* Opp'n 2, Doc. No. 48; Ex. 2 to Opp'n, Letter dated Sept. 10, 2025, Doc. No. 48-2.)

[11] (*See* Opp'n 2, Doc. No. 48; Ex. 1 to Opp'n, Email Correspondence, Doc. No. 48-1.)

adequately identified knowledgeable witnesses, and Ms. Berry is not entitled to additional information regarding the dates or scope of representation.[12]

## ANALYSIS

Under Rule 26(a)(1) of the Federal Rules of Civil Procedure, a party must, "without awaiting a discovery request," disclose "the *name* and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."[13]

The Constable Defendants' generic reference to "agents and employees of Constable Kolkman LLC," without providing specific names, does not comply with this rule. Categorical identification of unnamed "corporate representatives" is insufficient under Rule 26(a)(1)(A)(i).[14] As the court in *Rogers v. Bank of America*[15] explained:

> Defendant's use of generic categories of unnamed individuals could apply to many individuals within its company and does not advance the goal of exchanging basic discoverable information about individuals likely to have discoverable information Defendant may use to support its claims or

---

[12] (Opp'n 3, Doc. No. 48.)

[13] Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added).

[14] *See, e.g.*, *Rogers v. Bank of Am., N.A.*, No. 13-1333, 2014 U.S. Dist. LEXIS 131541, at *16–17 (D. Kan. Sept. 19, 2014) (unpublished) ("[I]nitial disclosures generically listing custodian of records or corporate representatives [are] insufficient compliance with Rule 26(a)(1)(A)(i)."); *Lyon v. Bankers Life & Cas. Co.*, No. 09-5070, 2011 U.S. Dist. LEXIS 4702, at *14–15 (D.S.D. Jan. 14, 2011) (unpublished) ("It is not a good faith response to the obligation of a party under Rule 26(a)(1)(A)(i) to simply identify those 'individuals' as corporate representatives, with no reference to the subject areas of their testimony, and then to identify their generic address as the address of defense counsel.").

[15] 2014 U.S. Dist. LEXIS 131541.

defenses. It also impedes the goal of eliminating the need for serving and responding to separate written discovery requests to obtain this information.[16]

Accordingly, the Constable Defendants' failure to provide the names of agents and employees with knowledge rendered their initial disclosures inadequate.

The Constable Defendants' failure to identify their own agents and employees with discoverable information, as required under the federal rules, has impeded Ms. Berry's ability to conduct discovery in this case. The Constable Defendants cannot fault Ms. Berry for failing to specify which individuals she wants to depose, where the Constable Defendants have not identified witnesses with relevant knowledge. And the fact that they later identified two witnesses as represented by their counsel in this case fails to remedy the deficiencies in their initial disclosures. The letter identifying these witnesses does not specify "the subjects of [their] information" as required under Rule 26(a)(1).[17] Moreover, it is unclear whether there are other agents or employees who the Constable Defendants intend to rely on to support their defenses.

For these reasons, the Constable Defendants must provide supplemental initial disclosures specifically naming all agents and employees of the LLC with discoverable information that they may use to support their claims or defenses. For each named individual, they must also provide the subjects of the information, and either (1) known contact information, or (2) a statement that the Constable Defendants' counsel

---

[16] *Id.* at *17.

[17] Fed. R. Civ. P. 26(a)(1)(A)(i).

represent the individual for purposes of discovery in this action. The Constable Defendants' counsel must cooperate in scheduling depositions of any witnesses they represent.

Ms. Berry also asks the court to order the Constable Defendants to provide other information regarding each witness (including title, role, and management authority)—to allow her counsel to determine whether the witness is someone who must be contacted through the LLC's counsel under Utah Rules of Professional Conduct.[18] But this information is unnecessary, where the LLC's counsel must state whether they represent each witness for purposes of discovery in this matter, as set forth above. Additionally, Ms. Berry asks for the date when representation began, but she cites no legal authority supporting this request and does not explain why this information is needed. The court finds no basis to require the Constable Defendants' counsel to provide this information.

Finally, each side requests an award of attorney's fees incurred in connection with this motion. Rule 37(a)(5)(C) provides that if a motion to compel is granted in part and denied in part, the court may "after giving an opportunity to be heard, apportion the reasonable expenses for the motion."[19] The court finds a reasonable apportionment in

---

[18] (*See* Mot. 2, Doc. No. 44 (citing Utah R. Prof. Conduct 4.2).) Ms. Berry is referring to the ethical requirement in Utah that lawyers generally cannot communicate directly with persons known to be represented by counsel in the matter. *See* Utah R. Prof. Conduct 4.2. Certain employees are considered represented by an employer organization's counsel, even if not separately represented by that counsel. Utah R. Prof. Conduct 4.2(d)(1)–(2).

[19] Fed. R. Civ. P. 37(a)(5)(C).

this instance is for each party to bear its own expenses. Ms. Berry has only partially prevailed, and each party's position was substantially justified.

## CONCLUSION

Ms. Berry's discovery motion[20] is granted in part and denied in part. Within fourteen days, the Constable Defendants must provide supplemental initial disclosures consistent with this order.

DATED this 5th day of November, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[20] (Doc. No. 44.)