UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JULIE BERRY,<br><br>Plaintiff,<br><br>v.<br><br>ROB KOLKMAN; and CONSTABLE KOLKMAN LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS REGARDING DEPOSITIONS OF JACKY JOHNSON AND ANDREA CROFT (DOC. NO. 58)**<br><br>Case No. 2:24-cv-00705<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Julie Berry brought this action against Rob Kolkman, Constable Kolkman LLC, and others, claiming violations of the Fair Debt Collection Practices Act.[1]  Ms. Berry has filed a motion for sanctions against the Kolkman Defendants and their counsel based on two nonparty witnesses' failure to appear for depositions.[2]  She also seeks to compel the nonparties' future attendance.[3]  No response to the motion was filed.  Because Ms. Berry has not shown she served subpoenas on the nonparties as required to compel their attendance, and she has not shown the Kolkman Defendants had an obligation to produce the nonparties for depositions, the motion is denied.

---

[1] (*See* Compl., Doc. No. 2); 15 U.S.C. § 1692 et seq.  The other defendants, Olson Associates P.C. and NAR Inc., have been dismissed.  (*See* Doc. No. 80.)

[2] (Mot. for Sanctions (Mot.), Doc. No. 58.)

[3] (*Id.* at 1.)

**BACKGROUND**

Ms. Berry supports her motion with exhibits and her counsel's declaration.  As set forth in these documents, Ms. Berry's counsel prepared notices of the depositions of nonparties Jacky Johnson and Andrea Croft, scheduling them for October 20, 2025 at 9:30 a.m. and 1:00 p.m.[4]  Ms. Berry's counsel served the notices on the Kolkman Defendants' counsel by email on September 9, 2025.[5]

However, Ms. Berry's motion and her attorney's declaration diverge as to whether subpoenas were issued.  According to Ms. Berry, "On September 26, 2025, Defendants' counsel Tyler Martin confirmed verbally that he represented the witnesses, Jacky Johnson and Andrea Croft, and would coordinate their appearance so subpoenas were unnecessary."[6]  Ms. Berry asserts that "[b]ut for counsel's agreement to coordinate these depositions, [she] would have subpoenaed these witnesses."[7]

In his declaration, however, Ms. Berry's counsel states he "served Defendants' counsel notice of subpoenas for both of these witnesses" on September 22, 2025, citing Exhibit P-4 to the motion.[8]  Exhibit P-4 contains an email to Defendants' counsel stating, "Take notice of the attached subpoenas," along with four copies of a deposition

---

[4] (*See* Ex. P-1 & P-2 to Mot., Doc. Nos. 58-1 & 58-2 (deposition notices).)

[5] (*See* Decl. of Counsel ¶¶ 3–4, Doc. No. 58-10; Ex. P-3 to Mot., Doc. No. 58-3 (Sept. 9, 2025 email).)

[6] (Mot. 2, Doc. No. 58.)

[7] (*Id.*)

[8] (Decl. of Counsel ¶ 5, Doc. No. 58-10.)

subpoena for Andrea Croft.[9]  But neither Exhibit P-4 nor any other exhibits contain a deposition subpoena for Jacky Johnson.  Ms. Berry's counsel's declaration states: "During a phone call on September 26, 2025, [Kolkman] Defendants' counsel Tyler Martin confirmed he represented Johnson and Croft and would 'coordinate' their appearance at these depositions so Plaintiff did not need to incur the costs of serving the subpoenas."[10]

Neither the witnesses nor the Kolkman Defendants' counsel appeared for the scheduled depositions on October 20, 2026.[11]

## ANALYSIS

Ms. Berry asks the court to order the Kolkman Defendants and their counsel to reimburse her reasonable expenses and attorney fees incurred in connection with the scheduled depositions, and to compel the witnesses' future attendance.[12]  As explained below, these requests are legally unsupported.

Rule 30(b)(1) of the Federal Rules of Civil Procedure provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party."[13]  This rule "authorizes a party to compel the deposition of an adversary corporation or other business entity through one of its officers, directors, or

---

[9] (Ex. P-4 to Mot., Doc. No. 58-4.)

[10] (Decl. of Counsel ¶ 6, Doc. No. 58-10.)

[11] (*Id.* ¶¶ 7–9.)

[12] (Mot. 1, Doc. No. 58.)

[13] Fed. R. Civ. P. 30(b)(1).

managing agents which the party names in its deposition notice."[14]  "A corporation is responsible for producing its officers, managing agents, and directors if notice is given[,] and sanctions may be imposed against the corporation if they fail to appear."[15]  But "[i]f the individual designated in a notice of deposition is not an officer, director, or managing agent, the deposition must proceed as for an ordinary nonparty witness," whose attendance may only be compelled by subpoena under Rule 45.[16]

Ms. Berry asserts Ms. Johnson and Ms. Croft are "agents, employees, or associates" of the Kolkman Defendants.[17]  But she does not claim they are officers, directors, or managing agents of Constable Kolkman LLC.  Therefore, Constable Kolkman LLC was not responsible for producing these witnesses, and the witnesses could not be compelled to attend a deposition by a Rule 30 deposition notice.  Rather, Ms. Berry was required to subpoena Ms. Johnson and Ms. Croft to compel their attendance.

---

[14] *Centurion Silver, LLC v. Silverberg Dev. Corp.*, No. 07-1091, 2008 WL 11415878, at *2 (D.N.M. June 26, 2008) (unpublished) (citing 7 Moore's Federal Practice § 30.03 (3d ed. 2008)); *see also* Fed. R. Civ. P. 37(d)(1)(A)(i) (providing for sanctions if "a party or a party's officer, director, or managing agent" fails to appear for a deposition after being served with proper notice).

[15] *Brunson v. PHH Mortg. Corp.*, 342 F.R.D. 315, 320 (M.D. Fla. 2022) (internal quotation marks omitted).

[16] 7 Moore's Federal Practice § 30.03 (3d ed. 2026); *see also* Fed. R. Civ. P. 30(a)(1) ("The deponent's attendance may be compelled by subpoena under Rule 45."); Fed. R. Civ. P. 45 (governing subpoenas).

[17] (Mot. 2, Doc. No. 58.)

Ms. Berry has not established she properly issued or served deposition subpoenas on Ms. Johnson and Ms. Croft.  Ms. Berry's counsel's declaration and the attached exhibits suggest he emailed at least one subpoena (for Ms. Croft) to the Kolkman Defendants' counsel, who then made statements which could be construed as waiving service of subpoenas on the witnesses' behalf.  But in her motion, Ms. Berry does not claim she issued or served deposition subpoenas (or that the Kolkman Defendants' counsel waived service of them).  Rather, she asserts she *would have* subpoenaed the witnesses but for the Kolkman Defendants' counsel's representation that subpoenas were unnecessary.  Where the motion itself does not assert Ms. Berry properly subpoenaed the witnesses, the court cannot find she did so.  Accordingly, Ms. Johnson and Ms. Croft were not required to appear for their depositions on October 20, 2025.

On this record, Ms. Berry has demonstrated no basis to impose sanctions on the Kolkman Defendants or their counsel.  Ms. Berry relies on various federal and local rules, a statute, and the "court's inherent authority."[18]  None of the cited authorities supports her request for sanctions.

Ms. Berry first cites Rule "16(f)(c)."[19]  While no such subsection exists, presumably she means Rule 16(f)(1)(C), which permits a court to impose sanctions if a

---

[18] (*Id.* at 1.)

[19] (*Id.*)

party or its attorney "fails to obey a scheduling or other pretrial order."[20]  But Ms. Berry identifies no scheduling order or pretrial order which the defendants or their counsel have violated.  This rule is inapplicable—as is Rule 26(g)(3), which Ms. Berry next cites.  Rule 26(g)(3) provides for sanctions relating to certifications implied by an attorney's or party's signature on discovery documents.[21]  But Ms. Berry's motion does not relate to signed discovery documents.

Ms. Berry next cites Rule 30(d)(2), which states: "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."[22]  She contends the Kolkman Defendants' counsel's "failure to appear and coordinate these duly-noticed depositions" falls under this rule.[23]  But she identifies no authority applying this rule to *scheduling* depositions, rather than interference during the deposition itself.  Regardless, her argument falls flat where the Kolkman Defendants were not responsible for producing these witnesses, and the witnesses were under no obligation to appear where Ms. Berry has not shown they were properly subpoenaed.

Ms. Berry also contends the Kolkman Defendants' counsel's "failure to appear and coordinate" the depositions violates 28 U.S.C. § 1927.[24]  Under this statute, an

---

[20] Fed. R. Civ. P. 16(f)(1)(C).

[21] *See* Fed. R. Civ. P. 26(g)(3).

[22] Fed. R. Civ. P. 30(d)(2).

[23] (Mot. 2, Doc. No. 58.)

[24] (*Id.*)

attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[25]  But an award under § 1927 should only be made "in instances evidencing a serious and standard disregard for the orderly process of justice."[26]  Ms. Berry's conclusory reference to this statute is insufficient to demonstrate this standard is met.  She offers no developed argument or legal authority supporting her request for sanctions under this statute.  Even assuming the Kolkman Defendants' counsel made statements contributing to Ms. Berry's failure to properly subpoena the witnesses, she has not shown this rose to the level of sanctionable conduct under § 1927.

Next, Ms. Berry cites Rule 37(a)(5) and Rule 37(d)(1)(A)(i), but both are inapplicable here.  Rule 37(a)(5) provides for an award of expenses to a party who prevails on a motion to compel disclosures or discovery responses.[27]  But Ms. Berry has not filed a motion to compel disclosures or discovery responses.  Rule 37(d)(1)(A)(i) permits a court to order sanctions if "a party or a party's officer, director, or managing agent . . . fails, after being served with proper notice, to appear for that person's

---

[25] 28 U.S.C. § 1927.

[26] *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1427 (10th Cir. 1990) (internal quotation marks omitted).

[27] *See* Fed. R. Civ. P. 37(a)(5); Fed. R. Civ. P. 37(a)(3).

deposition."[28]  This rule is inapplicable where Ms. Berry has not shown the witnesses are a party's officer, director, or managing agent.

For all these reasons, Ms. Berry identifies no legal basis to impose sanctions on the Kolkman Defendants or their counsel relating to the depositions of Ms. Croft and Ms. Johnson.

* * *

Finally, Ms. Berry requests an order "compelling the production of these witnesses at Plaintiff's convenience pursuant to Rule 37(a)(3)(B)."[29]  That rule provides, in full:

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
> (i) a deponent fails to answer a question asked under Rule 30 or 31;
>
> (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>
> (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.[30]

None of these subsections apply here.  Accordingly, this request is also denied.

---

[28] Fed. R. Civ. P. 37(d)(1)(A)(i).  Ms. Berry also cites Rule 37(d)(3), listing the types of sanctions available for violations of Rule 37(d)(1).  *See* Fed. R. Civ. P. 37(d)(3).

[29] (Mot. 3, Doc. No. 58.)

[30] Fed. R. Civ. P. 37(a)(3)(B).

## CONCLUSION

Ms. Berry's motion for sanctions[31] relating to the depositions of Jacky Johnson and Andrea Croft is denied.

DATED this 27th day of May, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[31] (Doc. No. 58.)