UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JULIE BERRY,<br><br>Plaintiff,<br><br>v.<br><br>ROB KOLKMAN; and CONSTABLE KOLKMAN LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ATTORNEY'S FEES (DOC. NO. 76)**<br><br>Case No. 2:24-cv-00705<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Julie Berry brought this action against Rob Kolkman, Constable Kolkman LLC, and others, claiming violations of the Fair Debt Collection Practices Act (FDCPA).[1]  On November 5, 2025, the court granted Ms. Berry's discovery motion regarding Constable Kolkman LLC's discovery responses, after the LLC failed to respond to the motion.[2]  The court ordered Constable Kolkman LLC to pay Ms. Berry's reasonable expenses, including attorney's fees, incurred in bringing the motion.[3]  The court also ordered the

---

[1] (*See* Compl., Doc. No. 2); 15 U.S.C. § 1692 et seq.  The other defendants, Olson Associates P.C. and NAR Inc., have been dismissed.  (*See* Doc. No. 80.)

[2] (Order Granting Pl.'s Disc. Mot. Re: Constable Kolkman LLC's Disc. Resps., Doc. No. 64.)

[3] (*Id.* at 6–8 (awarding expenses pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure).)

parties to confer regarding the amount—and set a deadline for Ms. Berry to file a motion if they were unable to agree.[4]

Ms. Berry timely filed this motion for attorney's fees, seeking $1,710.00.[5] Constable Kolkman LLC opposed, arguing Ms. Berry's attorney's $450 hourly rate is unreasonable.[6]  Because the hourly rate and overall fee request are reasonable, Ms. Berry's motion for attorney's fees is granted.[7]

<u>ANALYSIS</u>

The "lodestar" method is used to calculate an award of attorney's fees under Rule 37.[8]  The court determines the lodestar amount by multiplying the hours counsel "reasonably spent on the litigation by a reasonable hourly rate."[9]  "The party requesting the fees bears the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable

---

[4] (*Id.* at 8.)

[5] (Mot. for Att'y's Fees (Mot.), Doc. No. 76.)

[6] (Defs. Rob Kolkman & Constable Kolkman, LLC's Opp'n to Pl.'s Mot. for Attorney's Fees (Opp'n), Doc. No. 85.)

[7] Both parties contend the other failed to adequately confer on the amount, as ordered. The court declines to address this, and instead rules on the merits of the motion. However, the parties are reminded that conferrals should include an in-person meeting or phone call, not merely an exchange of emails.

[8] *See, e.g.*, *Nursa, Inc. v. Optima Care Jersey City LLC*, No. 2:24-cv-00843, 2026 U.S. Dist. LEXIS 73710, at *26 (D. Utah Apr. 1, 2026) (unpublished); *Webb v. Cnty. of Stanislaus*, No. 2:21-mc-00696, 2022 U.S. Dist. LEXIS 78387, at *7 (D. Utah Apr. 29, 2022) (unpublished).

[9] *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998) (citation omitted).

skill, experience, and reputation."[10]  "The focus must be on the prevailing market rate in
the relevant community."[11]  "The court may not use its own knowledge to establish the
appropriate rate unless the evidence of prevailing market rates before the court is
inadequate."[12]

Ms. Berry requests fees for the 3.8 hours her attorney, Eric Stephenson, spent
reviewing Constable Kolkman LLC's discovery responses, preparing to meet and
confer, meeting and conferring, and drafting and filing the discovery motion—multiplied
by Mr. Stephenson's standard hourly rate of $450.[13]  Mr. Stephenson provided a
timesheet and declaration supporting the motion.[14]  According to Mr. Stephenson, his
actual hourly rate during this case was $450 to $550, which he contends is consistent
with "market rates in Utah for litigation attorneys of similar skill level and experience."[15]
He contends consumer litigation is a specialized and complex practice of law, and he
notes he has more than twenty years of experience.[16]  Ms. Berry also provided copies

---

[10] *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir.
2000) (internal quotation marks omitted).

[11] *Id.* (internal quotation marks omitted).

[12] *Id.*

[13] (Mot. 2, Doc. No. 76.)

[14] (Decl. of Counsel (Stephenson Decl.), Doc. No. 76-1.)

[15] (*Id.* ¶ 13.)

[16] (*Id.* ¶¶ 5, 12.)

of two state court orders approving fee awards with the same or higher hourly rates for Mr. Stephenson.[17]

Constable Kolkman LLC does not challenge the reasonableness of the time spent, but it argues Mr. Stephenson's hourly rate of $450 is unreasonable and does not reflect the prevailing market rate.[18]  In support, Constable Kolkman LLC provides an undated excerpt from a "legal trends report" from Clio (a legal tech company), containing a chart of hourly rates by state and nationwide hourly rates by practice area.[19]  The chart lists an hourly rate of $291 for Utah lawyers, and nationwide hourly rates of $320 for "collections law" and $327 for "civil litigation"—the two areas Constable Kolkman LLC identifies as relevant.[20]  Relying solely on this source, Constable Kolkman LLC asserts "attorneys' fees are significantly lower than the claimed $450 per hour."[21]

Ms. Berry's requested fees reflect a reasonable number of hours and a reasonable hourly rate, even though both parties' submissions regarding the prevailing

---

[17] (Ex. P-2 to Mot., *Jackson v. Merrick Bank Corp.*, No. 180906822, Order of Final Approval of Class Action Settlement (Utah Third Dist. Ct. July 27, 2022), Doc. No. 76-2; Ex. P-3 to Mot., *Frontgate v. Thompson*, No. 219912409, Findings of Fact & Conclusions of Law (Utah Third Dist. Ct. July 27, 2022), Doc. No. 76-3.)

[18] (Opp'n, Doc. No. 85.)

[19] (*See* Ex. B to Opp'n, Doc. No. 85-2.)  The document refers to some data collected in 2024, although it is unclear whether this data was used as a source for the hourly rates charts.

[20] (*See id.*; Opp'n 3, Doc. No. 85.)

[21] (Opp'n 3, Doc. No. 85.)

market rate are lacking.[22]  First, with regard to the number of hours, Constable Kolkman

LLC does not challenge the reasonableness of the time spent.  Based on Ms. Berry's

submissions, the court finds Mr. Stephenson reasonably spent 3.8 hours on work

relating to the discovery motion.

Next, neither party provides sufficient information regarding the prevailing market

rate.  While evidence regarding Mr. Stephenson's own hourly rate and his assessment

of the legal market is relevant to determining the prevailing market rate, it does not

establish this rate conclusively.[23]  And the state court orders Ms. Berry submitted are

unhelpful, where neither indicates whether the award was based on the prevailing

market rate (and one contains no reference to an hourly rate).  Constable Kolkman

LLC's submission is also unhelpful.  The undated Clio report shows only a single,

statewide hourly rate for Utah, which is not broken down by practice area, geographical

area within the state, or attorney experience.  There is no indication this rate reflects the

current, prevailing market rate for FDCPA litigation in this community by attorneys of

comparable skill, experience, and reputation to Mr. Stephenson.  Likewise, nationwide

hourly rates for "collections law" and "civil litigation" do not establish the prevailing

market rate in this community for FDCPA litigation by comparable attorneys.

---

[22] The parties' limited submissions are understandable given the modest amount at stake.

[23] *See Vitelli v. Medicredit, Inc.*, No. 1:22-cv-00066, 2022 U.S. Dist. LEXIS 205613, at *11 (D. Utah Nov. 10, 2022) (unpublished) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

Where the parties' submissions are inadequate to establish the prevailing market rate, the court relies on prior fee awards in similar cases and on its own knowledge of the prevailing market rate.  Notably, in two prior FDCPA cases litigated by Mr. Stephenson in this district, courts found an hourly rate of $400 reasonable under the lodestar method, in 2021 and 2022.[24]  In the 2022 decision, the court reduced Mr. Stephenson's requested rate from $450 to $400.[25]  But here, three years later, the higher rate is reasonable, based on the court's familiarity with prevailing market rate in the community and Mr. Stephenson's experience.  Accordingly, Mr. Stephenson's hourly rate of $450 is reasonable.  Because Ms. Berry's requested fees reflect reasonable time spent multiplied by a reasonable hourly rate, and the overall amount is reasonable, her motion is granted.

---

[24] *See Id.* at *12; *Christensen v. Johnson Smith & Assocs.*, No. 2:19-cv-00676, 2021 U.S. Dist. LEXIS 3694, at *19 (D. Utah Jan. 7, 2021) (unpublished).

[25] *See Vitelli*, 2022 U.S. Dist. LEXIS 205613, at *9–12.

## CONCLUSION

Ms. Berry's motion for attorney's fees[26] is granted.  Constable Kolkman LLC

must pay Ms. Berry's reasonable expenses of $1,710.00 incurred in bringing the

underlying discovery motion.

DATED this 27th day of May, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[26] (Doc. No. 76.)