UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JULIE BERRY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ROB KOLKMAN; and CONSTABLE KOLKMAN LLC,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS (DOC. NO. 73)**<br><br>Case No. 2:24-cv-00705<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Julie Berry brought this action against Rob Kolkman, Constable Kolkman LLC, and others, claiming violations of the Fair Debt Collection Practices Act.[1]  Ms. Berry now moves for sanctions against the Kolkman Defendants, including default judgment and lesser sanctions, for failing to comply with discovery orders.[2]  After the Kolkman Defendants failed to respond to the motion, the court ordered them to show cause why they should not be sanctioned.[3]  The Kolkman Defendants then filed a response opposing the sanctions motion,[4] and Ms. Berry filed a reply.[5]

---

[1] (*See* Compl., Doc. No. 2); 15 U.S.C. § 1692 et seq.  The other defendants, Olson Associates P.C. and NAR Inc., have been dismissed.  (*See* Doc. No. 80.)

[2] (Mot. for Contempt and Sanctions (Mot.), Doc. No. 73.)

[3] (Order to Show Cause, Doc. No. 79.)

[4] (Defs.' Resp. to Order to Show Cause (Resp.), Doc. No. 92.)

[5] (Reply Mem. in Supp. of Mot. for Contempt and Sanctions (Reply), Doc. No. 104.)

Ms. Berry's motion is granted in part and denied in part.  As explained below, because the Kolkman Defendants' failure to comply with discovery orders necessitated Ms. Berry's sanctions motion, the Kolkman Defendants must pay the expenses Ms. Berry incurred in bringing it.  But Ms. Berry has not shown other sanctions, or a contempt finding, are justified.

## BACKGROUND

Ms. Berry filed two prior discovery motions relevant here.  First, she moved to compel the Kolkman Defendants to supplement their initial disclosures, arguing their witness disclosures were deficient.[6]  The Kolkman Defendants opposed the motion.[7] On November 5, 2025, the court granted the motion in part and ordered the Kolkman Defendants to supplement their initial disclosures by November 19, as follows:

> [T]he [Kolkman] Defendants must provide supplemental initial disclosures specifically naming all agents and employees of the LLC with discoverable information that they may use to support their claims or defenses.  For each named individual, they must also provide the subjects of the information, and either (1) known contact information, or (2) a statement that the Constable Defendants' counsel represent the individual for purposes of discovery in this action.  The [Kolkman] Defendants' counsel must cooperate in scheduling depositions of any witnesses they represent.[8]

Second, Ms. Berry filed a motion asserting Constable Kolkman LLC's discovery responses were unsigned and incomplete.[9]  Constable Kolkman LLC did not respond to

---

[6] (Short Form Disc. Mot., Doc. No. 44.)

[7] (Defs. Rob Kolkman & Constable [K]olkman LLC's Resp. to Pl.'s Mot. for Short Form Disc. Order, Doc. No. 48.)

[8] (Mem. Decision & Order Granting in Part & Den. in Part Pl.'s Disc. Mot. Re: Initial Disclosures (Order Re: Initial Disclosures) 5–7, Doc. No. 65.)

[9] (Short Form Disc. Mot., Doc. No. 57.)

this motion.  The court granted the motion in a separate order on November 5, 2025, ordering Constable Kolkman LLC to "provide signed, amended responses to the interrogatories and [requests for production], including fully answering all interrogatories and producing all responsive documents," by November 19.[10]  The court also ordered Constable Kolkman LLC to pay the reasonable expenses Ms. Berry incurred in bringing the motion, and to confer with her regarding the amount.[11]

On November 21, 2025, two days after the deadline to comply with the orders, Ms. Berry filed the instant motion for sanctions.[12]  According to Ms. Berry, the Kolkman Defendants "made no attempt to comply" and did not supplement their initial disclosures or discovery responses as ordered.[13]  She also asserts their counsel "ignored multiple requests for cooperation in scheduling dates for depositions," and did not confer regarding the award of expenses.[14]  Ms. Berry asks the court to: 1) enter an order of contempt, 2) order compliance with both orders within five days, and 3) "levy additional appropriate sanctions, including attorney's fees, coercive sanctions, striking Defendants' Answer, enter[ing] default judgement, or any other measure this Court deems necessary to ensure compliance and deter future similar conduct."[15]

---

[10] (Order Granting Pl.'s Disc. Mot. Re: Constable Kolkman LLC's Disc. Resps. 8, Doc. No. 64.)

[11] (*Id.*)

[12] (Mot., Doc. No. 73.)

[13] (*Id.* at 2–4.)

[14] (*Id.*)

[15] (*Id.* at 4.)

The Kolkman Defendants did not respond by the deadline in the local rules (fourteen days).[16]  The court then ordered the Kolkman Defendants to show cause by December 19, 2025 why sanctions, including default judgment, should not be ordered.[17]  The Kolkman Defendants responded to the order to show cause on the deadline.[18]

In their response, the Kolkman Defendants assert they have now complied with the discovery orders, including providing supplemental initial disclosures and signed verification pages for their prior discovery responses.[19]  They also contend they provided much of the same information by email months earlier, reducing any prejudice.[20]  And they claim their counsel made reasonable efforts to schedule depositions by offering numerous dates for the witnesses they represent—but Ms. Berry's counsel rejected the offered dates.[21]  Finally, they argue Ms. Berry's counsel "does not come before the Court with clean hands." [22]  Specifically, they assert he exhibited "outrageous conduct" during a deposition of nonparty John Sindt (the subject of several other motions), and obstructed discovery in related cases involving the same attorneys.[23]

---

[16] *See* DUCivR 7-1(a)(4)(C)(iii).

[17] (Order to Show Cause, Doc. No. 79.)

[18] (Defs.' Resp. to Order to Show Cause, Doc. No. 92.)

[19] (*Id.* at 2.)

[20] (*Id.*)

[21] (*Id.* at 4–5.)

[22] (*Id.* at 5.)

[23] (*Id.* at 4–7.)

In her reply, Ms. Berry argues the Kolkman Defendants' allegations regarding her counsel's conduct during Mr. Sindt's deposition and other cases are irrelevant.[24]  She accuses the Kolkman Defendants of obstruction and bad faith.[25]  And she reiterates her request for default judgment.[26]

## ANALYSIS

Under Rule 37(b)(2)(A), if a party "fails to obey an order to provide or permit discovery," courts "may issue further just orders."[27]  Such orders may include "striking pleadings in whole or in part"; entering "default judgment against the disobedient party"; or "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."[28]

Before imposing severe sanctions (such as default judgment or those with similar force and effect) for failure to obey a discovery order under Rule 37(b)(2)(A), courts consider several factors, generally known as the *Ehrenhaus* factors.[29]  These include: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the

---

[24] (Reply 6, Doc. No. 104.)

[25] (*Id.* at 5–8.)

[26] (*Id.* at 9–10.)

[27] Fed. R. Civ. P. 37(b)(2)(A).

[28] Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi), (vii).

[29] *See HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1203 (10th Cir. 2017); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *see also Derma Pen, LLC v. 4EverYoung Ltd.*, 736 F. App'x 741, 745–46 (10th Cir. 2018) (unpublished) (holding courts should consider the *Ehrenhaus* factors before imposing default judgment).

party in advance that dismissal of the action [or default judgment] would be a likely sanction for its noncompliance; and (5) the efficacy of lesser sanctions."[30]  These factors are not exhaustive, nor are they necessarily of equal weight.[31]

Ultimately, when a party fails to obey a discovery order, courts must impose attorney's fees unless certain exceptions apply.  Rule 37(b)(2)(C) provides that, "[i]nstead of or in addition to" the orders available under Rule 37(b)(2)(A), courts "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[32]

As explained below, based on the *Ehrenhaus* factors, dispositive sanctions are unjustified.  The Kolkman Defendants must pay the expenses Ms. Berry incurred in bringing her motion for sanctions, where the motion was necessary to achieve the defendants' compliance with discovery orders.  But Ms. Berry's requests for other sanctions are denied.

A. Dispositive Sanctions Are Unjustified Under the *Ehrenhaus* Factors

Under *Ehrenhaus*, Ms. Berry has not shown default judgment or other severe sanctions (such as striking the Kolkman Defendants' answer) are justified.

---

[30] *Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005) (citation modified).

[31] *See Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005); *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always remain a discretionary function.").

[32] Fed. R. Civ. P. 37(b)(2)(C).

1.  *Degree of Actual Prejudice*

First, the actual prejudice to Ms. Berry is limited.  There is no question the Kolkman Defendants violated the court's November 5 orders by failing to supplement their initial disclosures and discovery responses by the November 19 deadline.  But they contend they remedied the deficiencies by December 19—and Ms. Berry does not dispute this in her reply.[33]  In other words, the Kolkman Defendants complied with the orders a month late.  Further, when the Kolkman Defendants provided their supplemental disclosures and responses, fact discovery was open—and it was later extended an additional three months.  While the belated compliance undoubtedly caused some delay and expense (particularly the expense of bringing this motion for sanctions), Ms. Berry still had ample time to pursue discovery after the defendants complied.[34]  Under these circumstances, the belated compliance did not substantially prejudice Ms. Berry—particularly where the defendants must pay her expenses in bringing the motion (as explained below).

Ms. Berry claims she was prejudiced by the Kolkman Defendants' failure to timely provide witness information because she was "forced" to issue notice of "the depositions of two such witnesses, Jacky Johnson and Andrea Croft, without any

---

[33] (*See* Reply 2–3, Doc. No. 104.)  On May 21, 2026, four months after filing the reply and a month after fact discovery closed, Ms. Berry filed a "notice" asserting the Kolkman Defendants' December 19, 2025 supplementation was deficient.  (Doc. No. 121.)  Where Ms. Berry did not raise this issue in her reply, it is not considered.

[34] Notably, fact discovery was extended at the Kolkman Defendants' request, and Ms. Berry opposed the extension.  (*See* Defs.' Mot. to Amend Scheduling Order; Doc. No. 89; Mem. in Opp'n to Defs.' Mot. to Amend Scheduling Order, Doc. No. 95; Am. Scheduling Order, Doc. No. 98.)

disclosure of their purported knowledge or role in the case."[35]  She contends that although the defendants' counsel indicated they represented these witnesses, the witnesses and counsel failed to show up for their depositions.  But all this occurred before the court's November 5, 2025 orders and is the subject of a separate motion for sanctions.[36]  Accordingly, any prejudice resulting from the witnesses' failure to appear did not result from the Kolkman Defendants' failure to comply with the November 5 orders.  Moreover, Ms. Berry chose to proceed with those depositions before moving to compel supplemental disclosures; she was not "forced" to do so.

In her reply, Ms. Berry also claims the defendants' counsel "never really complied" with the order requiring cooperation in scheduling depositions.[37]  But the emails she provided show the defendants' counsel offered multiple dates for each witness on December 5, 2025—approximately two weeks after the November 19 compliance deadline.[38]  The emails also show the defendants' counsel asked for the location of the depositions on November 24, but Ms. Berry's counsel did not respond.[39]  This shows the defendants' counsel made reasonable efforts to schedule the depositions shortly after the compliance deadline.  And fact discovery was later

---

[35] (Reply 4, Doc. No. 104.)

[36] (*See* Mot. for Sanctions, Doc. No. 58.)  As noted in the order on that motion, issued contemporaneously, Ms. Berry did not properly subpoena the witnesses.

[37] (Reply 3, Doc. No. 104.)

[38] (*See* Ex. P-6 to Reply, Doc. No. 104-6.)

[39] (*See id.*)

extended to April 13, 2026, leaving ample time to schedule the depositions.[40]  Under these circumstances, counsel's short delay in complying with the order to cooperate in scheduling depositions did not prejudice Ms. Berry.

Because the defendants' delay in complying with the November 5 orders did not substantially prejudice Ms. Berry, the first factor weighs against severe sanctions.

2.  *Amount of Interference with the Judicial Process*

Under the second factor, the amount of interference with the judicial process was moderate, but not significant enough to support dispositive sanctions.  On one hand, the Kolkman Defendants effectively halted discovery for nearly three months by failing to respond to Ms. Berry's motions or comply with discovery orders.  The record contains no substantive filings from the Kolkman Defendants between September 17, 2025 (when they responded to Ms. Berry's discovery motion regarding initial disclosures) and December 15, 2025 (when they filed a discovery status report).[41]  During this time, Ms. Berry filed several discovery-related motions to which the Kolkman Defendants did not respond,[42] and they failed to timely comply with the court's November 5 orders.  The Kolkman Defendants responded and complied only after the court issued an order to show cause threatening dispositive sanctions.  The Kolkman Defendants' failures during this period undoubtedly impeded the progress of the case.

---

[40] (*See* Am. Scheduling Order, Doc. No. 98.)  As noted above, Ms. Berry opposed this extension.

[41] (*See* Doc. Nos. 48 & 81.)  The Kolkman Defendants' only filing during this period was a notice of substitution of counsel, indicating one attorney from the law firm representing them was substituting for another attorney from the same firm—and noting two other attorneys at that firm remained as counsel.  (Doc. No. 63.)

[42] (*See* Doc. Nos. 57, 58, & 73.)

On the other hand, the Kolkman Defendants eventually complied with the court's orders, after the deadline but before the close of fact discovery.  In other words, the delay was temporary and the parties ultimately proceeded with discovery (albeit with a three-month extension of fact discovery).  Under these circumstances, this moderate amount of interference does not merit dispositive sanctions.  The second factor weighs against severe sanctions.

### 3. *Culpability of the Litigant*

Under the third factor, culpability of the litigant, the Kolkman Defendants offer no explanation or excuse for their failure to timely comply with the discovery orders.  They simply do not address why they failed to comply.  Where they offer no reason or justification, the court finds they are highly culpable.  This third factor weighs in favor of severe sanctions.

### 4. *Prior Warning of the Likelihood of Dispositive Sanctions*

Under the fourth factor, the court's November 5 discovery orders did not warn Kolkman Defendants that failure to comply would likely result in dispositive sanctions.  The order to show cause contained the first such warning, and the Kolkman Defendants complied by the deadline in that order.  Because the Kolkman Defendants complied after the first warning, this factor weighs against severe sanctions.

### 5. *Efficacy of Lesser Sanctions*

Under the fifth factor, Ms. Berry has not shown lesser sanctions would be ineffective.  The order to show cause, warning of dispositive sanctions, was sufficient to secure compliance with the November 5 orders.  In her reply, Ms. Berry argues "appropriate sanctions," including default judgment, are necessary to deter future

noncompliance with discovery obligations, given the Kolkman Defendants' prior failures.[43]  To be sure, the Kolkman Defendants' conduct is problematic—particularly their failure to respond or comply even after Ms. Berry moved for dispositive sanctions. But where they ultimately complied after a warning, Ms. Berry has not shown sanctions less than default judgment (or striking an answer) are ineffective.  The sanction explained below, requiring the Kolkman Defendants to pay the expenses Ms. Berry incurred in bringing her motion, is sufficient, at this stage, to deter future noncompliance.  Accordingly, the fifth factor weighs against severe sanctions.

6. *Conclusion*

Based on a consideration of all the *Ehrenhaus* factors, default judgment or other severe sanctions (such as striking the answer) are unjustified.  Four of the five factors weigh against imposing dispositive sanctions.  While the Kolkman Defendants offer no explanation for failing to timely comply with discovery orders, they eventually complied, and their delay did not substantially prejudice Ms. Berry.  Accordingly, Ms. Berry's request for default judgment or other severe sanctions is denied.

B. <u>The Kolkman Defendants Must Pay Ms. Berry's Expenses in Bringing the Motion</u>

Under Rule 37(b)(2)(C), the court must order the Kolkman Defendants to pay "the reasonable expenses, including attorney's fees, caused by [their] failure" to comply with discovery orders, "unless the failure was substantially justified or other circumstances make an award of expenses unjust."[44]  Ms. Berry's motion for sanctions was necessary to secure the Kolkman Defendants' compliance with the discovery

---

[43] (Reply 8–9, Doc. No. 104.)

[44] Fed. R. Civ. P. 37(b)(2)(C).

orders after they failed to comply by the deadline.  Where the Kolman Defendants' failure to comply necessitated the motion, the Kolkman Defendants must pay Ms. Berry's reasonable expenses in bringing it, unless an exception applies.

Neither exception applies here.  The Kolkman Defendants' failure was not substantially justified where they provide no explanation for it.  And no other circumstances make an award of expenses unjust.  While the Kolkman Defendants accuse Ms. Berry's attorney of misconduct during a nonparty's deposition and of obstructing discovery in related cases, these accusations are wholly irrelevant to this motion.  Even if true, they do not excuse the defendants' own failures or make an award of expenses unjust.  As explained above, the Kolkman Defendants essentially halted discovery by failing to respond to Ms. Berry's discovery motions or comply with the court's orders—even after Ms. Berry filed her sanctions motion.  They only complied after the court intervened by issuing an order to show cause.  Under these circumstances, it is both just and appropriate to require the Kolkman Defendants to pay the reasonable expenses Ms. Berry incurred in bringing the motion.

C.  Ms. Berry's Requests for a Contempt Finding and Other Sanctions Are Denied

Finally, Ms. Berry's requests for a contempt finding and other unspecified sanctions are denied.  Rule 37(b)(2)(A)(vii) permits a court to treat a party's failure to obey a discovery order as contempt of court.[45]  Civil contempt sanctions may be imposed to compel or coerce obedience to a court order, so long as clear and convincing evidence shows a valid court order existed, the defendants knew of the

---

[45] *See* Fed. R. Civ. P. 37(b)(2)(A)(vii).

order, and they disobeyed it.[46]  Even assuming these elements are present here, a contempt finding would do little to compel obedience where the Kolkman Defendants have now complied.  Accordingly, Ms. Berry's request for a contempt finding is denied.  For the same reason, her request for unspecified "coercive sanctions" is denied.

**CONCLUSION**

Ms. Berry's motion for sanctions[47] is granted in part and denied in part.  Because the Kolkman Defendants' failure to comply with discovery orders necessitated the motion, they must pay the reasonable expenses Ms. Berry incurred, including attorney's fees, in bringing the motion.  The parties are ordered to confer regarding the amount of the expenses.  If they cannot agree, Ms. Berry must file a motion regarding the amount by June 16, 2026.  Ms. Berry's motion is denied as to her requests for a contempt finding and other sanctions.

DATED this 27th day of May, 2026.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[46] *See Acosta v. Paragon Contractors Corp.*, 884 F.3d 1225, 1230 (10th Cir. 2018); *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998).

[47] (Doc. No. 73.)