UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JULIE BERRY,<br><br>            Plaintiff,<br><br>v.<br><br>ROB KOLKMAN; and CONSTABLE KOLKMAN LLC,<br><br>            Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO SET ASIDE ADMISSIONS AND VACATE ORDER GRANTING ADMISSIONS (DOC. NO. 91)**<br><br>Case No. 2:24-cv-00705<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Julie Berry brought this action against Rob Kolkman, Constable Kolkman LLC, and others, claiming violations of the Fair Debt Collection Practices Act (FDCPA).[1] The court previously deemed Ms. Berry's requests for admission (RFAs) to Constable Kolkman LLC admitted because it failed to serve signed answers.[2] The Kolkman Defendants now move to withdraw the admissions and vacate the portion of the prior order stating the RFAs are admitted.[3] Ms. Berry opposes the motion.[4] Because withdrawing the admissions would promote presentation of the case on the merits and would not prejudice Ms. Berry, the motion is granted.

---

[1] (*See* Compl., Doc. No. 2); 15 U.S.C. § 1692 et seq.  The other defendants, Olson Associates P.C. and NAR Inc., have been dismissed.  (*See* Doc. No. 80.)

[2] (Order Granting Pl.'s Disc. Mot. Re: Constable Kolkman LLC's Disc. Resps., 6, 8, Doc. No. 64.)

[3] (Mot. to Set Aside Admis. & Vacate Order Granting Admis. (Mot.), Doc. No. 91.)

[4] (Mem. in Opp'n to Mot. to Set Aside Admis. (Opp'n), Doc. No. 103.)

**BACKGROUND**

Under Rule 36 of the Federal Rules of Civil Procedure, an RFA "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."[5]  A "shorter or longer time for responding" may be stipulated or ordered.[6]

Ms. Berry served twenty-one RFAs on Constable Kolkman LLC on August 6, 2025,[7] making answers due September 5, 2025.  The LLC served answers on September 10, 2025,[8] and the court later granted its motion to extend the response deadline to that date.[9]  However, the answers were unsigned; the Kolkman Defendants explain the "verification page" was not included in the PDF.[10]

On October 21, Ms. Berry filed a motion asking the court to deem all the RFAs admitted because they were unsigned (among other discovery issues).[11]  The Kolkman Defendants filed no response.  The court granted the motion on November 5, 2025, ordering that "RFAs 1 through 21 to Constable Kolkman LLC are deemed admitted."[12]

---

[5] Fed. R. Civ. P. 36(a)(3).

[6] *Id.*

[7] (Mot., Statement of Facts (SOF) ¶ 1, Doc. No. 91; Ex. A to Mot., Doc. No. 91-1.)

[8] (Mot., SOF ¶ 2, Doc. No. 91; Ex. B to Mot., Doc. No. 91-2.)

[9] (*See* Docket Text Order, Doc. No. 46.)

[10] (Mot., SOF ¶ 5, Doc. No. 91.)

[11] (Short Form Disc. Mot., Doc. No. 57.)

[12] (Order Granting Pl.'s Disc. Mot. Re: Constable Kolkman LLC's Disc. Resps. 8, Doc. No. 64.)

Six weeks later, on December 19, the Kolkman Defendants filed the instant motion to vacate the order and withdraw the LLC's admissions.[13]

## ANALYSIS

A matter admitted under Rule 36 is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."[14]  Specifically, the rule provides that a court "may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."[15] While "no litigant should ignore deadlines established by applicable rules," the Tenth Circuit has instructed that "more than a failure to meet deadlines is required to deny a party relief from an admission."[16]

Both requirements for withdrawal of admissions are met here.  The first requirement "emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case."[17]  According to the Kolkman Defendants, the admissions at issue would "preclude Defendants from testifying or presenting evidence regarding central facts relevant to Plaintiff's claims," despite the LLC's objections and

---

[13] (Mot., Doc. No. 91.)

[14] Fed. R. Civ. P. 36(b).

[15] *Id.*

[16] *Raiser v. Utah County*, 409 F.3d 1243, 1247 (10th Cir. 2005).

[17] *Id.* at 1246 (citation omitted).

denials in the unsigned answers.[18]  In the unsigned answers, the LLC denied, partially

denied, or objected to seventeen of the twenty-one RFAs.[19]  Those matters, deemed

admitted under the court's prior order, include facts central to Ms. Berry's claims,

including whether the defendants took specific actions Ms. Berry alleges violated the

FDCPA.[20]  The Kolkman Defendants have shown these admissions would practically

eliminate their ability to defend on the merits.  Accordingly, the first requirement for

withdrawal is met.

Under the second requirement, Ms. Berry must show she would be prejudiced by

the withdrawal of the admissions.[21]  "Mere inconvenience does not constitute prejudice

for this purpose."[22]  "The prejudice contemplated by Rule 36(b) . . . relates to the

difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key

witnesses, because of the sudden need to obtain evidence with respect to the questions

previously deemed admitted."[23]

---

[18] (Mot. 5, Doc. No. 91.)

[19] (*See* Ex. B to Mot, Doc. No. 91-2.)

[20] (*See id.*)  For example, the RFAs deemed admitted include admissions that the LLC prepared and mailed a notice of sale (RFA 11), the defendants never executed various writs of execution (RFAs 12 and 13), and the defendants receive compensation for collecting money from debtors (RFA 21).

[21] *See Raiser*, 409 F.3d at 1246 (noting the second factor requires the party opposing withdrawal to show prejudice).

[22] *Id.*

[23] *Id.* (alteration in original) (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).

Ms. Berry has not demonstrated prejudice under this standard.  Ms. Berry
asserts she relied on the admissions in "structuring discovery, determining which
depositions to pursue or not pursue, framing motion practice, and allocating time and
resources throughout the case."[24]  And she argues withdrawal of the admissions at this
stage would force her to "revisit completed discovery, reevaluate litigation strategy, and
incur additional expense and delay."[25]  But these arguments amount to mere
inconvenience resulting from the need to pursue discovery on previously-admitted
matters.  Ms. Berry does not claim evidence or witnesses relating to those matters are
unavailable, nor does she show the Kolkman Defendants' delay in moving to withdraw
the admissions has prevented her from pursuing discovery on these matters.  The
Kolkman Defendants filed their motion before the close of fact discovery, and that
deadline was later extended by three months.[26]  Further, Ms. Berry does not explain
how the admissions affected her motion practice.  No summary judgment motions have
been filed, and the deadline to file those motions is still five months away.[27]  In short,
Ms. Berry has not shown withdrawal of the admissions will prejudice her ability to

---

[24] (Opp'n 4, Doc. No. 103.)

[25] (*Id.*)

[26] (*See* Scheduling Order, Doc. No. 42; Am. Scheduling Order, Doc. No. 98.)  Fact
discovery is now closed.  If Ms. Berry believes additional fact discovery is needed in
light of this order, she may file a motion to reopen it.

[27] (*See* Am. Scheduling Order, Doc. No. 98.)  Notably, even a party's reliance on
admissions in summary judgment briefing is insufficient to show prejudice under Rule
36(b).  *See Raiser*, 409 F.3d at 1247.

maintain this action on the merits.[28]  Accordingly, the second requirement for withdrawal of admissions is met.

Ms. Berry's other arguments are unavailing.  First, she argues the Kolkman Defendants seek reconsideration of the court's order deeming the RFAs admitted, and she suggests they have not shown grounds for reconsideration.[29]  But the prior order did not address a request to withdraw admissions under Rule 36(b); the court merely confirmed the RFAs had been admitted by operation of Rule 36(a)(3).[30]  The Kolkman Defendants do not seek reconsideration of that finding.  Rather, they ask the court to allow them to withdraw the admissions now, and to vacate the portion of the prior order stating all the RFAs are admitted (as inconsistent with an order permitting withdrawal). Because the prior order did not address a request to withdraw admissions, the standards for reconsidering a prior order do not apply.

Next, Ms. Berry contends the Kolkman Defendants waived any request to withdraw admissions by failing to respond to her prior discovery motion and failing to object to the court's order deeming the RFAs admitted.[31]  But again, neither Ms. Berry's motion nor the court's order addressed the issue of withdrawal under Rule 36(b). Accordingly, the Kolkman Defendants did not waive this issue by failing to respond or object.

---

[28] *See* Fed. R. Civ. P. 36(b).

[29] (*See* Opp'n 2, Doc. No. 103.)

[30] (*See* Order Granting Pl.'s Disc. Mot. Re: Constable Kolkman LLC's Disc. Resps. 6, Doc. No. 64.)

[31] (*See* Opp'n 2–3, Doc. No. 103.)

To be sure, the court does not condone Constable Kolkman LLC's delay in providing a signed verification page or the Kolkman Defendants' failure to respond to Ms. Berry's discovery motion.  The Kolkman Defendants do not explain why the LLC did not promptly remedy the deficiency when Ms. Berry identified it, or why they waited until six weeks after the court's order to move to withdraw the admissions.  These are problematic lapses.  But the Tenth Circuit has cautioned that "the court's focus must be on the effect upon the litigation and prejudice to the resisting party rather than on the moving party's excuses for an erroneous admission."[32]  And a party's failure to offer a "credible excuse" for not responding to RFAs is an insufficient basis to deny a request to withdraw.[33]  Accordingly, the Kolkman Defendants' failure to meet deadlines, or to provide satisfactory excuses for doing so, does not justify denying their withdrawal request, where the other requirements for withdrawal of admissions are met.

## CONCLUSION

The Kolkman Defendants' motion[34] is granted.  The court's November 5, 2025 order[35] is vacated as to the statement that RFAs 1 though 21 to Constable Kolkman LLC are deemed admitted.  Constable Kolkman LLC shall serve the signed verification page for its answers to the RFAs within seven days (if not already served).  Any

---

[32] *Raiser*, 409 F.3d at 1247 (citation omitted).

[33] *Id.*

[34] (Doc. No. 91.)

[35] (Doc. No. 64.)

admissions inconsistent with Constable Kolkman LLC's signed RFA answers are withdrawn.

DATED this 27th day of May, 2026.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge