UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JULIE BERRY,<br><br>Plaintiff,<br><br>v.<br><br>ROB KOLKMAN; and CONSTABLE KOLKMAN LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTIONS TO COMPEL PRODUCTION OF DEPOSITION VIDEO (DOC. NOS. 87 & 90)**<br><br>Case No. 2:24-cv-00705<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Julie Berry brought this action against Rob Kolkman, Constable Kolkman LLC, and others, claiming violations of the Fair Debt Collection Practices Act.[1]  Nonparty John Sindt and the Kolkman Defendants move to compel production of a video of Mr. Sindt's deposition, which Ms. Berry's attorney personally recorded.[2]  Ms. Berry opposes the motions, arguing the video is protected work product.[3]  As explained below, because the video is unnecessary to resolve other motions relating to Mr. Sindt's

---

[1] (*See* Compl., Doc. No. 2); 15 U.S.C. § 1692 et seq.  The other defendants, Olson Associates P.C. and NAR Inc., have been dismissed.  (*See* Doc. No. 80.)

[2] (Nonparty John Sindt's Mot. to Compel Produc. of Dep. Video (Sindt Mot.), Doc. No. 87; Defs.' Mot. to Compel Produc. of Pl.'s Recording of Dep. of John Sindt (Defs.' Mot.), Doc. No. 90.)

[3] (Mem. in Opp'n to Mots. to Compel Dep. Recording (Opp'n), Doc. No. 105.)

deposition, and there is no other basis to require production of the video, the motions to compel are denied.

## BACKGROUND

Mr. Sindt's attorney terminated his deposition early pursuant to Rule 30(d)(3)(A) of the Federal Rules of Civil Procedure,[4] arguing Ms. Berry's attorney, Eric Stephenson, conducted the deposition in bad faith. Mr. Sindt later filed two motions for a protective order, seeking to either prohibit or limit any further deposition.[5] Ms. Berry then moved for sanctions against Mr. Sindt's attorney, arguing he impeded the deposition.[6]

Although a court reporter transcribed Mr. Sindt's deposition, Mr. Stephenson also personally videotaped it. While the transcript has been filed on the record, Mr. Stephenson has declined to provide the video to Mr. Sindt or the Kolkman Defendants, in response to their informal requests.

## ANALYSIS

Neither Mr. Sindt nor the Kolkman Defendants have demonstrated grounds to compel production of the video Mr. Stephenson recorded of Mr. Sindt's deposition.

---

[4] *See* Fed. R. Civ. P. 30(d)(3)(A) ("At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.").

[5] (*See* Mots. for Protective Order, Doc. Nos. 69 & 86.)

[6] (*See* Mot. for Sanctions and Award of Expenses, Doc. No. 83.)

As an initial matter, while the federal rules provide that only a qualified officer may create the official, admissible deposition recording or transcript,[7] the vast majority of courts agree the rules do not prohibit an attorney from separately recording depositions for personal use, such as trial preparation.[8]  Counsel must provide adequate notice before doing so,[9] and personal-use recordings are generally considered inadmissible.[10]  The arguments in the motions to compel are addressed with this in mind.

   A.  Mr. Sindt's Motion

 Mr. Sindt argues Ms. Berry must produce the video under Rule 30(f)(3), which requires an "officer" who transcribes or records a deposition to "furnish a copy of the transcript or recording to any party or the deponent."[11]  But this provision, by its plain

---

[7] *See* Fed. R. Civ. P. 30(b)(5)(A) ("Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28."); *see also* Fed. R. Civ. P. 30(b)(5)(A)–(C) (describing the officer's duties in conducting and recording the deposition).

[8] *See Cordero v. Olson Assocs. P.C.*, No. 2:23-cv-00756, 2025 U.S. Dist. LEXIS 95855, at *6–7 (D. Utah May 19, 2025) (unpublished) (collecting cases).

[9] *See id.* at *8 ("Rule 30(b)(3)(A) requires deposition notices to state 'the method for recording the testimony' and courts universally agree this notice requirement applies to both official and personal-use recordings.").

[10] *See Schoolcraft v. City of N.Y.*, 296 F.R.D. 231, 240 (S.D.N.Y. 2013) ("Although the Plaintiff may take video recordings in depositions for his own purposes, those recordings taken by counsel will not be admissible."); *see also Alcorn v. City of Chi.*, 336 F.R.D. 440, 444 (N.D. Ill. 2020) (requiring Rule 30 procedures to be followed if "the video recording is to become an official version of a deposition that can be used as evidence," but finding "no harm in allowing a recording to take place simply for use by the attorneys for their own internal trial preparation" if not used as evidence).

[11] Fed. R. Civ. P. 30(f)(3); (*see also* Sindt Mot. 2–3, Doc. No. 87).

language, applies only to the official transcript or recording made by a qualified officer. Mr. Stephenson, as a party's attorney, cannot qualify as a deposition officer.[12]  And Mr. Sindt cites no authority applying Rule 30(f)(3) to compel production of a personal-use recording.  This provision does not apply to the video Mr. Stephenson recorded.

Mr. Sindt also argues Ms. Berry must produce the video because it is relevant to the motions concerning the early termination of his deposition.[13]  But the video is unnecessary to resolve that dispute.  In a contemporaneous order, the court is granting Mr. Sindt's motions for a protective order and prohibiting any further deposition of him— based on the official transcript and other evidence submitted with the motions.  The court is also denying Ms. Berry's motion for sanctions relating to the deposition.  In other words, even without the video, Mr. Sindt has prevailed in the disputes regarding his deposition.  And Mr. Sindt offers no other reason why the video is relevant or should be produced.  Therefore, Mr. Sindt's motion to compel production of the video is denied.

B.  The Kolkman Defendants' Motion

The Kolkman Defendants argue production is required under *Cordero v. Olson Associates, P.C.*,[14] a decision in an FDCPA case involving the same attorneys.[15]  In that case, the court ordered Mr. Stephenson to destroy personal recordings of

---

[12] *See* Fed. R. Civ. P. 28(c).

[13] (Sindt Mot. 4, Doc. No. 87.)

[14] 2025 U.S. Dist. LEXIS 95855.

[15] (*See* Defs.' Mot. 4–5, Doc. No. 90.)

depositions because he failed to provide adequate notice that he was personally recording them.[16]  The Kolkman Defendants assert that here, as in *Cordero*, Mr. Stephenson failed to provide notice of his intent to personally record Mr. Sindt's deposition.[17]  But even if this were true, the Kolkman Defendants do not explain why this would require *production* of the video.  The *Cordero* court did not order Mr. Stephenson to produce the personal recordings to the other parties, it required him to destroy the recordings (as the moving parties requested).[18]  And the Kolkman Defendants cite no other legal authority requiring production of personal-use deposition recordings.

In their reply, the Kolkman Defendants argue the video is relevant to the other motions concerning Mr. Sindt's deposition.[19]  But the video is unnecessary to resolve those motions, as noted.  They also contend the video "was made within the window of

---

[16] *Cordero*, 2025 U.S. Dist. LEXIS 95855, at *8–10.

[17] (Defs.' Mot. 5, Doc. No. 90.)  The Kolkman Defendants claim Ms. Berry failed to serve *any* notice of Mr. Sindt's deposition on the other parties, and only served a subpoena on Mr. Sindt.  (*Id.*)  But the Kolkman Defendants do not contend they were unaware of Mr. Sindt's deposition.  Indeed, Ms. Berry filed a copy of the deposition subpoena on the docket several days before the deposition, along with a status report stating her intent to proceed with it.  (*See* Doc. Nos. 61 & 61-1.)  Further, in briefing on a different motion, Ms. Berry provided evidence she served a notice of Mr. Sindt's deposition on the Kolkman Defendants nearly two months before the deposition.  (*See* Doc. No. 104-3 at 1, 10–11.)

[18] *Cordero*, 2025 U.S. Dist. LEXIS 95855, at *10.

[19] (Defs.' Reply 5, Doc. No. 115.)  The reply is incorrectly captioned as "Defendants Rob Kolkman and Constable Kolkman LLC Answer to Plaintiff Requests for Admissions." (*Id.* at 1.)

fact discovery and contains information that is fully relevant to the matter at hand."[20] But they do not explain how the video is relevant to any other issue in this case. Where there is an official transcript of Mr. Sindt's deposition, and personal-use recordings are generally inadmissible, the video's relevance is not apparent. Further, as Ms. Berry points out, the Kolkman Defendants have not requested the video through any authorized discovery mechanism.[21] For example, they do not identify any formal discovery request to which the video is responsive.

Finally, the Kolkman Defendants argue personal-use deposition recordings do not qualify as work product, citing *Cordero*.[22] But a claim of work-product protection need not be addressed unless there is some basis to require production in the first instance. While it seems unlikely the recording would qualify as work product, the court need not decide the issue because the Kolkman Defendants have not demonstrated any basis to require production of the video. Where the Kolkman Defendants do not explain the video's relevance and do not identify any legal authority requiring production, their motion to compel is denied.

---

[20] (*Id.* at 5.)

[21] (*See* Opp'n 6, Doc. No. 105.)

[22] (Defs.' Reply 3, Doc. No. 115); *see also Cordero*, 2025 U.S. Dist. LEXIS 95855, at *10 (finding Mr. Stephenson's personal recordings of depositions did not qualify as work product).

## CONCLUSION

Mr. Sindt's and the Kolkman Defendants' motions[23] to compel production of the video of Mr. Sindt's deposition are denied.

DATED this 27th day of May, 2026.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[23] (Doc. Nos. 87 & 90.)